**\*E-Filed 10/28/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNELIUS LOPES, | No. C 11-01477 RS |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| FREEMONT FREEWHEELERS BICYCLE CLUB, CITY OF NEWARK, NEWARK POLICE DEPARTMENT, NEWARK POLICE UNION, JOSEPH DALE WREN, OFFICER BADGE #56, DEPUTY D.A. LISA FARIA, SHARA MESIC, TIM O'HARA, STEVE GRUSIS, LARRY NOLAN WARREN GEISSERT, BRAD BALDWIN, JIM DAVIS, STACY PETTIGREW, RICHARD BROCKIE, JASON SAGE, SALLY WILSON, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Cornelius Lopes brings this action for relief based on testimony given in March and July of 2007, in connection with an earlier case. That case was one of several, all initiated by Lopes, to arise out of a collision that occurred in June of 2004. Defendants, including the City of Newark, several law enforcement officials, the Freemont Freewheelers Bicycle Club, and a number of its members, move to dismiss on several grounds. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and for the reasons stated below, the motion is granted.

## II. FACTUAL & PROCEDURAL BACKGROUND[1]

This is the latest in a string of cases filed by plaintiff arising out of a collision between Lopes and members of the Freemont Freewheelers Bicycle Club on June 12, 2004. As a result of that crash, Lopes was prosecuted for battery by the Alameda County District Attorney's Office, with the cooperation of the Club and several of its members. The case resulted in a mistrial and was thereafter dismissed by the prosecutor's office on October 12, 2005.

On March 16, 2006, Lopes filed a complaint in the Superior Court of California, Alameda County, alleging negligence and other claims. In his complaint, he named most of the defendants in the instant case. He eventually obtained a judgment after a jury trial. On June 9, 2006, Lopes filed another complaint in the United States District Court for the Northern District of California, alleging a number of claims, including violations of 42 U.S.C. § 1983, and naming most of the law enforcement defendants also named here. After affording Lopes several opportunities to amend his complaint, the court (Breyer, J.) dismissed one claim and granted defendants' motion for summary judgment on the remaining claims. On November 7, 2007, Lopes filed yet another complaint, this time in Alameda Superior Court, alleging civil rights violations under 42 U.S.C. § 1983, negligence, malicious prosecution, and again naming most of the defendants present in this action. The case was removed to the United States District Court (Hamilton, J.) which ultimately dismissed it with prejudice based on statute of limitations and *res judicata* grounds. Lopes' appeal to the Ninth Circuit was unsuccessful. He filed this action on March 28, 2011, to which defendants have responded with a motion to dismiss.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a

---

[1] The facts of this case and prior cases are set forth in the order to dismiss in *Lopes v. Freemont Freewheelers*, No. C 07-6213 PJH (N.D. Cal. Aug. 7, 2008), and materials submitted by defendants Faria, Mesic-Beltramo, and Pettigrew for judicial notice. Defendants' motion requesting notice, which is unopposed by plaintiff, is granted because the documents at issue are undisputed matters of public of record, consisting of a warrant, and other documents filed in Lopes' previous actions. *See* Fed. R. Evid. 201(b), *and Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001). Although the court takes judicial notice of the fact that these documents were filed in connection with Lopes' prior cases, it does not necessarily rely on, or take judicial notice of, the facts stated therein. *Lee*, 250 F.3d at 689-90.

complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal under FRCP Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## VI. DISCUSSION

Although Lopes' complaint is hard to decipher and states few facts, his claims appear to be: (1) malicious prosecution; and (2) violations of 42 U.S.C. § 1983, based on his Fourteenth Amendment rights. The complaint indicates that these claims arise from testimony given by the defendants Wilson and Grusis in March and July of 2007, respectively. Defendants move to dismiss on a number of grounds, arguing: (1) the statute of limitations has run on plaintiff's malicious prosecution and § 1983 claims; (2) plaintiff's claims are barred by *res judicata*; (3) the complaint fails to allege sufficient facts to state a claim; (4) plaintiff failed to file an administrative claim for malicious prosecution, as required by the Government Tort Claims Act, California Government Code §§ 910, 911.2, and (5) plaintiff's claims are barred by absolute prosecutorial immunity. Although most, if not all, of these contentions appear to have merit, even a brief examination of defendants' first argument suffices to show that Lopes' claims must be dismissed with prejudice.

Defendants first argue that the statute of limitations has run. The limitations period for actions under § 1983 corresponds to that for personal injury claims in the forum state. *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993). California law requires that a

plaintiff claiming personal injuries bring suit within two years of the date of injury. Cal. Code Civ. P. § 335.1. It follows that a two year statute of limitations applies to Lopes' § 1983 claims. *See Lopes v. Freemont Freewheelers*, No. 08-16993, 2010 WL 236772, at *1 (9th Cir. Jan. 22, 2010). The limitations period for malicious prosecution is also two years. *Stravropolous v. Superior Court*, 141 Cal. App. 4th 190, 197 (2006).

The accrual date for a plaintiff's claims is not necessarily the date of injury, but may be the date when plaintiff had reason to know of the injury. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The "discovery" rule thus tolls the limitations period until plaintiff is notified of his or her injury. *Id.* Here, Lopes argues that his injuries occurred in March and July of 2007, when he became aware of allegedly false testimony offered by both defendants Wilson and Grusis. Under Lopes' own account of events, therefore, the statute of limitations elapsed for both of his claims by July of 2009, at the latest – several years before this suit was filed. While the complaint states that California law provides for a four year statute of limitations for breach of contract claims, that point of law has no bearing on this case. Because there are no facts Lopes can plead that would permit him to proceed on the basis of testimony offered in 2007, his claims against all defendants must be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated, defendants' motion is granted. Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated: 10/28/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE